Merlin E. Mitton v. Commissioner.
Mitton v. Commissioner
Docket No. 66744.
United States Tax Court
T.C. Memo 1959-40; 1959 Tax Ct. Memo LEXIS 206; 18 T.C.M. (CCH) 191; T.C.M. (RIA) 59040; February 27, 1959
*206 Merlin E. Mitton, pro se., 1002 Woodlawn Avenue, Beckley, W. Va. Mark H. Berliant, Esq., for the respondent. TRAIN
Memorandum Findings of Fact and Opinion TRAIN, Judge: The respondent determined deficiencies in the petitioner's income tax in the years and amounts as follows: Year
Deficiency
1953
$196.48
1954
84.20
1955
130.39
The issues are (1) whether the respondent erred in his determination of the basis for depreciation of a rental dwelling house, and (2) whether the respondent erred in his disallowance of petitioner's deduction of depreciation on an automobile. Findings of Fact The petitioner resides at Beckley, West Virginia. He filed joint income tax returns with his wife, Mary E. Mitton, for the calendar years 1953, 1954, and 1955 with the director of internal revenue, Columbus, Ohio. The rental dwelling house with respect to which the basis for depreciation is in question is located in Marion, Ohio. The petitioner claimed no depreciation on the house on the returns as filed. The respondent, having determined the basis of the property, including both the land and the improvements situated thereon, made an allocation of basis *207 as between the house and the land and determined depreciation allowable with respect to the house in accordance with that allocation. At no time did the petitioner furnish the respondent with any information which would have assisted him in making the allocation involved. The petitioner was reimbursed by his employer at the rate of seven and one-half cents per mile for the use of his automobile. The depreciation claimed by the petitioner in addition was disallowed by the respondent in its entirety. Opinion The petitioner maintains primarily that the respondent's determination was in error because it was discriminatory. The alleged discrimination is grounded upon the petitioner's assertion that his returns were selected for audit only because he was an employee of the Internal Revenue Service. However, for whatever reason the respondent may have selected the petitioner's returns for audit, the petitioner has introduced no evidence whatsoever to establish that the respondent's determinations were in error. He claims that the respondent's allocation of basis for purpose of depreciation of the dwelling house was based upon purely arbitrary assumptions. However, such evidence as *208 there is on this point indicates simply that the respondent made the best estimate possible in the absence of any information from the petitioner. That the respondent's determination was based upon assumptions and estimates was doubtless true. He had no other alternative. The petitioner offered no evidence to show that the assumptions and estimates which the respondent used were unreasonable, nor did he offer any evidence that would suggest a different allocation. With respect to the automobile depreciation, the petitioner introduced no evidence whatsoever. The petitioner here has failed to meet his burden of proof. Decision will be entered for the respondent.